IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHU FANG CHEN and DENG MA, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. |
| | ) | |
| UNITED FINANCIAL CASUALTY | ) | |
| COMPANY d/b/a PROGRESSIVE, | ) | |
| | ) | |
| Defendant. | ) | |

## **NOTICE OF REMOVAL**

NOW, comes the Defendant, United Financial Casualty Company ("UFCC"), incorrectly identified as "United Financial Casualty Company d/b/a Progressive", by and through its attorneys, Gordon Rees Scully Mansukhani LLP, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. UFCC submits that the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and that this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, UFCC states as follows:

1.      Plaintiffs, Shu Fang Chen and Deng Ma, initiated this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on April 16, 2026. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      On April 23, 2026, co-counsel Beth Carter filed an Entry of Appearance and Jury Demand on behalf of UFCC. A true and correct copy of the Entry of Appearance and Jury Demand is attached hereto as Exhibit B.

3.      Upon information and belief, the documents attached hereto as Exhibit A and Exhibit B constitute all of the pleadings, process, and orders which were filed in connection with the state court action.

4.    Plaintiffs are adult individuals residing in Philadelphia, Pennsylvania.

5.    Both at the time Plaintiffs initiated this action and at the time of this Removal, Plaintiffs were and are citizens of Pennsylvania.

6.    United Financial Casualty Company is not incorporated in Pennsylvania, nor does United Financial Casualty Company have its principal place of business in Pennsylvania.

7.    Rather, United Financial Casualty Company is an Ohio corporation with its principal place of business in Ohio with an address of 300 N. Commons Boulevard, Mayfield Village, Ohio 44143.

8.    Both at the time Plaintiffs initiated this action and at the time of this removal, United Financial Casualty Company was and is a citizen of Ohio.

9.    Plaintiffs allege that they are entitled to underinsured motorist coverage pursuant to an insurance policy that provides $300,000 in underinsured motorist coverage, subject to all of the terms and conditions of the policy.

10.    Plaintiffs also allege that UFCC violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, and seeks punitive damages, interest, and attorney's fees.

11.    The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

12.    In Suber, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

13.    Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied.

See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

14.     Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy.  See Karlowicz v. Am. States Ins. Co., 2020 WL 6165303 (M.D. Pa. Sept. 18, 2020); Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

15.     As Plaintiffs allege that they are entitled to underinsured motorist coverage pursuant to an insurance policy that provides $300,000 in underinsured motorist coverage, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

16.     Because Plaintiffs and UFCC are citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this matter. See 28 U.S.C. § 1332.

17.     Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

18.     UFCC submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action for which the District Courts have original jurisdiction.

WHEREFORE, Defendant United Financial Casualty Company removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI LLP


By:  */s/ Daniel J. Twilla*
Daniel J. Twilla (PA I.D. 93797)
E-mail: dtwilla@grsm.com
Direct Dial: (412) 625-2694
75 Hopper Place, Suite 301
Pittsburgh, PA  15222
*Co-counsel for Defendant*